

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARIA SEIGLER, | § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:19-cv-998-A |
| WAL-MART STORES TEXAS LLC, D/B/A WALMART SUPERCENTER #963, | § § § § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Wal-Mart Stores Texas, LLC, d/b/a Walmart Supercenter #963, for summary judgment. The court, having considered the motion, the response of plaintiff, Maria Seigler, the reply, the record including the summary judgment evidence,[1] and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claim

The operative pleading is plaintiff's amended complaint filed January 24, 2020. Doc.[2] 11. In it, plaintiff alleges:

On January 25, 2018, plaintiff was a business invitee at defendant's store. Doc. 11, ¶¶ 8-14. That date, one or more of

---

[1] Defendant has filed objections to plaintiff's summary judgment evidence, but, except as discussed herein with reference to plaintiff's affidavit, the court is giving the summary judgment evidence whatever weight it may deserve.
[2] The "Doc. __" reference is to the number of the item on the docket in this action.

defendant's employees had set out rotisserie chickens on a deli counter at the store. Id. ¶ 15. Employees noticed grease or a similar slick substance on the floor and called a janitor to clean it up, but a janitor failed to do so.³ Id. ¶ 16. Plaintiff was shopping in the deli section when she slipped and fell on the slick substance on the floor, causing her to sustain injuries. Id. ¶¶ 17-18.

Plaintiff brings a premises liability claim against defendant. Doc. 11, ¶¶ 19-26.

II.

Ground of the Motion

Defendant urges one ground in support of its motion. It contends that plaintiff lacks evidence to show that defendant had actual or constructive knowledge of the slick substance. Doc. 25 at 2-3.

III.

Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

---

³ There is not any evidence to support this allegation and it appears to have been abandoned by plaintiff.

247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

IV.

Analysis

To prevail on her premises liability claim, plaintiff must show, inter alia, that defendant had knowledge of the spill. Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002). Plaintiff may satisfy this element by showing that defendant (i) "placed the substance on the floor," (ii) "actually knew that the substance was on the floor," or (iii) had constructive knowledge of the spill. Id. Plaintiff does not dispute defendant's assertion that there is no evidence to show that defendant placed the substance on the floor or had actual knowledge of the spill. Doc. 28. Instead, plaintiff argues that evidence exists to create a genuine issue of fact as to whether defendant possessed constructive knowledge of the spill. Id. at 6. This argument fails.

A defendant has constructive knowledge of a hazardous condition when "it is more likely than not that the condition existed long enough to give [the defendant] a reasonable opportunity to discover it." Reece, 81 S.W.3d at 814. "The rule requiring proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive notice," commonly known as the "time-notice" rule, "is firmly rooted in our jurisprudence." Id. at 815. "Without

some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." Id. at 816. Plaintiff attempts to satisfy the time-notice rule by drawing the court's attention to several pieces of evidence.

Most of the evidence upon which plaintiff relies does not relate to how long the spill existed before plaintiff slipped. She first points to deposition transcripts of defendant's employees, who testified that if defendant's cleaning protocols had been followed, the spill would have been discovered and cleaned immediately. Doc. 28 at 12-16. However, the issue is not whether defendant's employees followed company policy, but whether they had a reasonable opportunity to discover the spill. See Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 297-98 (Tex. 1983)("Safeway's liability to Corbin depends on its knowledge of store conditions posing risks to customers and the failure to act reasonably in response to those risks, not on the failure to comply with company policy."). Because such evidence does not indicate how long the spill existed before plaintiff slipped, it does not satisfy the time-notice rule.

Plaintiff also argues that the deposition transcripts show that defendant's employees were aware of frequent spills in the deli section and were in the deli section near the spill. Doc. 28 at 10-12. Assuming her description of the testimony is

correct,[4] such testimony might be relevant to determining how much time defendant reasonably needed to discover a spill. However, without evidence regarding how long the spill existed, a factfinder could not determine whether defendant had such an opportunity. Brookshire Grocery Co. v. Taylor, 222 S.W.3d 406, 409 (Tex. 2006)(finding plaintiff failed to adduce evidence that defendant had constructive knowledge of the melting ice that caused plaintiff's fall even though defendant was aware that ice regularly spilled from the soft-drink machine); Reece, 81 S.W.3d at 817 (rejecting plaintiff's argument that an employee's proximity to a dangerous condition constituted direct evidence of constructive knowledge).

The only evidence that appears to relate to the length of the spill's existence is (i) plaintiff's affidavit, Doc. 29 at 3-5, and (ii) deposition testimony of defendant's assistant manager, id. at 6-15, and deli associate, id. at 34-40. But, the evidence does not meet plaintiff's burden.

In her affidavit, plaintiff states:

> After falling, I noticed that some of the greasy residue that caused me to slip was on my shoe and also on the ground next to me. The substance appeared to be chicken grease or chicken residue. When I touched it, the residue was cold, and congealed, appearing like it had been there long enough to cool off and thicken up.

---

[4] See Doc. 29 at 15 (Philip Cisneros testifying that this was his only encounter with spilled chicken grease); id. at 33 (Lois Lundy testifying that customers spilled stuff very rarely in front of the hot case); id. at 36 (Nancy Bailey testifying that she did not know of customers regularly spilling in front of the hot case); id. at 44 (Fayrene Merrell testifying that she did not know how long it had been since she saw fluid or grease from the rotisserie chickens on the floor, but it was not very often).

> The residue was not clear, but appeared yellowish brown.

Doc. 29 at 4. Defendant objects that the affidavit is a sham, i.e., that it contradicts plaintiff's sworn testimony and should be disregarded. Doc. 35 at 1 (citing Bethke v. Braum's, Inc., No. 3:18-CV-0778-C, 2019 WL 2752509 (N.D. Tex. Aug. 29, 2019); Benedetti v. Wal-Mart Stores Tex., LLC, No. 5:16-CV-604-DAE, 2018 WL 2996900 (W.D. Tex. Apr. 12, 2018)). The court agrees. Plaintiff testified that the substance looked "yellowish," not "yellowish brown." Doc. 26 at App. 12. Further, she testified that she had no personal knowledge or evidence of how long the substance had been on the floor prior to her fall. Id. at App. 13. She did not know the size of the spill. Id. at App. 12. And, the substance was on her shoe, but she did not know if it touched any other part of her (which she certainly would have known if she had touched it as she now says). Doc. 36 Obj App 5. But, even if the court were to consider the affidavit, plaintiff's speculative testimony about the length of time the substance was on the floor based on its looks does not create a fact issue. Corbin, 648 S.W.2d at 296; Wal-Mart Stores, Inc. v. Rosa, 52 S.W.3d 842, 844 (Tex. App.—San Antonio 2001, pet. denied).

As for the deposition testimony, it constitutes speculation as to the age of the spill based on one or more photographs

shown to the witnesses. Apparently, some photographs were produced by plaintiff and some by defendant. <u>See</u> Doc. 29 at 26; Doc. 26 at App. 12. Plaintiff testified that she did not take any photographs at the store and she did not know who did. Doc. 26 at App. 12. There is no evidence to show when any of the photographs were taken. Thus, the photographs do not assist in determining how long the substance had been on the floor. And, even if one assumed, as plaintiff's counsel did, that one of the photographs showed that the spill had been on the floor "for a few minutes or so," Doc. 29 at 39, that information is still insufficient to support a conclusion that the spill was on the floor long enough to have been discovered. <u>Granados v. Wal-Mart Stores, Inc.</u>, No. 3:14-CV-3860-G, 2015 WL 4588158, at *3-4 (N.D. Tex. July 30, 2015), <u>aff'd</u>, 653 F. App'x 366 (5th Cir. 2016)(granting summary judgment due to insufficient evidence that five minutes was a reasonable amount of time to discover a spill); <u>Sturdivant v. Target Corp.</u>, 464 F. Supp. 2d (N.D. Tex. 2006)(granting summary judgment because evidence that water was on the floor for five minutes did not constitute a reasonable opportunity to discover it).

V.

<u>Order</u>

For the reasons discussed herein,

The court ORDERS that defendant's motion for summary

judgment be, and is hereby, granted; that plaintiff take nothing on her claims against defendant; and that plaintiff's claims be, and are hereby, dismissed with prejudice.

SIGNED October 1, 2020.

_____
JOHN McBRYDE
United States District Judge